

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED 5-30-2018
WILLIAM W. BLEVINS
CLERK

**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

*Edward J. Rivera*
*Assistant U.S. Attorney*
*Grace Albinson, Trial Attorney*
*Department of Justice, Tax Division*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3048*
*Fax: 504-589-2027*

May 30, 2018

Honorable Ivan L.R. Lemelle
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

      Re:   <u>United States v. Wade Ybarzabal</u>
              Criminal Docket No. 2:18-cr-00005

Dear Judge Lemelle:

      In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Wade Ybarzabal, the defendant in the above-captioned proceeding. The defendant's undersigned counsel, Valerie Welz Jusselin, Esq., has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

      In an effort to resolve this matter in a timely fashion, the defendant has agreed to plead guilty to Count 1 of the Bill of Information, which charges him with filing a false tax return, in violation of Title 26, United States Code, Section 7206(1). The defendant acknowledges that he has a right to be indicted by a grand jury on the charge in the Bill of Information because that charge is a felony violation. The Government has agreed that should the Court accept the defendant's plea of guilty to Count One of the Bill of Information and to pay full restitution to the United States, the Government agrees that it will not bring any other charges in the Eastern District of Louisiana arising from the defendant's preparation of his individual fraudulent tax returns for the tax years 2012 through 2014.

Page 1 of 9

   \_\_\_ Fee_____
   \_\_\_ Process_____ EJR/GA
   _X_ Dktd_____ VWJ
   \_\_\_ CtRmDep_____ WY
   \_\_\_ Doc. No._____

The Government does not waive in any way the ability of the Internal Revenue Service (IRS) to assess and collect civil taxes and penalties for the above stated tax periods.

The defendant further understands that once the Court has accepted the defendant's guilty plea, the defendant will not have the right to withdraw such a plea if the Court does not accept any sentencing recommendations made on the defendant's behalf or if the defendant is otherwise dissatisfied with the sentence. The defendant and the Government agree and acknowledge that if the defendant seeks to withdraw or otherwise set aside his plea of guilty, the Government will be released from its obligations in the defendant's plea agreement and be free to pursue any and all charges against the defendant.

The defendant understands that, should the defendant's plea of guilty be accepted, the maximum penalty the defendant may receive as to Count 1 of the Information is 3 years of imprisonment, and/or a fine of not more than $100,000.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply. The defendant agrees to pay restitution as ordered by the court in any restitution order entered pursuant to this plea agreement. In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to pay restitution, pursuant to 18 U.S.C. § 3663(a)(3), for the following amounts, including relevant conduct and conduct for which he is not specifically pleading guilty: $227,200.20 to the Internal Revenue Service. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

Further, the defendant understands that a mandatory special assessment fee of $100.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to one year for Counts 1, pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, the defendant's supervised release may be revoked and

EJR/GA
VWJ
WY

defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal the defendant's conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that the defendant may have the right to file collateral challenges to the defendant's conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest the defendant's guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of the defendant's sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which the defendant's sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to challenge the defendant's sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to the defendant's sentence of any kind; and

EJR/GA
VWJ
WY

d.      The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant understands that any discussions with the defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and Section 1B1.3 of the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive the defendant's rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws the defendant's decision to plead guilty, or the defendant's guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice(s) of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice(s) of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge(s) of conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack.

EJR/GA
VWJ
WY

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within the defendant's possession. It is also understood that the defendant will provide any and all financial information and documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of the defendant's conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to the defendant's inclusion in the Treasury Offset Program.

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

## RESTITUTION AGREEMENT

As stated above, the defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $227,200.20, pursuant to 18 U.S.C. 3663(a)(3).

The total amount of restitution consists of the following: The total amount of restitution consists of the following: 2012 U.S. Individual Tax Return, which was prepared and signed by defendant and filed with the IRS, claimed taxable income of $23,580, when in truth the correct taxable income was $466,452.39. This material misstatement caused an additional tax liability to the United States in the amount of $162,411.71.

The total amount of restitution consists of the following: 2013 U.S. Individual Tax Return, which was prepared and signed by defendant and filed with the IRS, claimed taxable income of $39,790, when in truth the correct taxable income was $125,514.10. This material misstatement caused an additional tax liability to the United States in the amount of $46,569.67.

EJR/GA
VWJ
WY

The total amount of restitution consists of the following: 2014 U.S. Individual Tax Return, which was prepared and signed by defendant and filed with the IRS, claimed taxable income of $5,515, when in truth the correct taxable income was $48,866.35. This material misstatement caused an additional tax liability to the United States in the amount of $18,218.83.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

The defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, ~~interest~~ and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

The defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The defendant also agrees to provide the above-described information to the probation office.

If the defendant makes a payment of the restitution agreed to above prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to that agreement.



EJR/GA
VWJ
WY

Defendant agrees to send all payments made pursuant to the court's restitution order to the Clerk of the Court at the following address:

United States District Court
Eastern District of Louisiana
Attn: Clerk of Court
500 Poydras Street, Room
C-151 New Orleans, LA
7013 0

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, defendant will provide the following information:

A. Defendant's name and Social Security number;
B. The District Court and the docket number assigned to this case;
C. Tax year(s) or period(s) for which restitution has been ordered; and
D. A statement that the payment is being submitted pursuant to the District Court's restitution order.

Defendant agrees to include a request that the Clerk of the Court send the information, along with defendant's payments, to the IRS address below:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing
Kansas City, MO 64108

The defendant agrees to cooperate fully with the Internal Revenue Service in the ascertainment, computation, and payment of the defendant's correct individual and corporate federal income tax liabilities, including penalties and interest, for the years 2012 to the present. To that end, the defendant will:

1) Cooperate with the Internal Revenue Service by providing all financial information necessary to ascertain and assess individual and corporate back taxes, interest, and penalties;
2) Provide to the Internal Revenue Service all financial information necessary to determine the defendant's ability to pay;

Page 7 of 9

EJR/GA
VWJ
WY


3) Make a good faith effort to pay all delinquent and/or additional individual and corporate taxes, interest and penalties, or entering an installment agreement to pay the liability in total during the period of supervised release or probation; and
4) Timely file the defendant's federal individual and corporate income tax returns during the term of supervised release and refrain from incurring new credit charges or opening additional lines of credit without the approval of the defendant's probation officer unless the defendant is in compliance with any installment payment schedule.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within the defendant's possession. It is also understood that the defendant will provide any and all financial information and documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

EJR/GA _____
VWJ _____
WY _____

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment A) represents defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,
DUANE A. EVANS
UNITED STATES ATTORNEY

_____ 5/30/2018
EDWARD J. RIVERA            Date
Assistant United States Attorney
GRACE ALBINSON
Trial Attorney

_____ 5-30-18
VALERIE WELZ JUSSELIN, Esq.   Date
Attorney for WADE YBARZABAL

_____ 5/30/18
WADE YBARZABAL               Date
Defendant